1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  UNITED STATES ex rel. PATRICIA
    LINCOLN,
11
                    Relator,                      CASE NO. C03-3834P
12
          v.                                      ORDER ON DEFENDANT'S
13                                                MOTION TO DISMISS AND
    MED-DATA, INC.; and JOHN DOES 1-10            MOTION TO BIFURCATE
14
                    Defendants.
15

16
17         Defendant moves to dismiss Plaintiff's complaint. Having reviewed Defendant's

18  Motion to Dismiss, Relator's Response Motion, and all other pertinent papers, the Court

19  rules the following: Defendant's Motion to Dismiss Relator's False Claims Act causes of

20  action under 31 U.S.C. § 3729(a)(1) and 31 U.S.C. § 3729(a)(2) is DENIED. Defendant's

21  Motion to Dismiss Plaintiff's False Claims Act conspiracy cause of action under 31

22  U.S.C. § 3729(a)(3) is GRANTED. Defendant's Motion to Dismiss Plaintiff's Retaliation

23  claim under 31 U.S.C. § 3730(h) and state law claim under Cal. Ins. Code § 1871 is

24  DENIED. Defendant's Motion to Dismiss Plaintiff's state law cause of action for

25  wrongful termination in violation of public policy is GRANTED. Defendant's Motion to

26  Bifurcate is DENIED. Following Fed. R. Civ. P. 15(a) the Court GRANTS Plaintiff's

27  request for leave to file the Proposed Second Amended Complaint. Because Defendant

28

ORDER – 1

fails to substantively address why the Court should dismiss the "John Doe" Defendants, the Court declines to dismiss them at this time.

## BACKGROUND

Patricia Lincoln was a claims auditor employed by Defendant Med-Data. She alleges that Med-Data coders inflated emergency room MediCare bills submitted to the Federal Government and to private insurers as part of a wider corporate policy designed to increase company revenue. Plaintiff alleges that when she brought her concerns regarding specific claims to the attention of her superiors, her concerns were ignored. When she continued to raise them, she alleges that she was demoted and then fired. She brought a *qui tam* action against Med-Data under the False Claims Act, 31 U.S.C. § 3729 et seq. The government declined to intervene and she has opted to pursue the case on her own as a Relator. In response to the pending Motion to Dismiss, Plaintiff filed a Proposed Second Amended Complaint (Dkt. No. 43, at 18-34) without leave of the Court. The Court has decided this matter relying on Plaintiff's Second Amended Complaint and the attached exhibits.

## ANALYSIS

Plaintiff has brought multiple causes of action, each stemming from alleged fraud perpetrated by Med-Data, Plaintiff's investigation into the fraud, and Defendant's alleged retaliation against Plaintiff as a result. The fraud, conspiracy, and retaliation claims, under both federal and state law, will be addressed below. Defendant's Motion to Bifurcate will be analyzed last.

**1. False Claims to the Government**

The Relator brings suit under 31 U.S.C. § 3729(a)(1) and 31 U.S.C. § 3729(a)(2) of the False Claims Act. Defendant moves to dismiss the claims for failure to plead with particularity. Under Fed. R. Civ. P. 8(a) a plaintiff need only make "a short and plain

ORDER – 2

statement of the claim" in her pleading. Fed. R. Civ. P. 9(b) is an exception to Fed. R. Civ. P. 8(a) and requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Allegations of fraud made under the False Claims Act must meet the heightened pleading standards of Fed. R. Civ. P. 9(b). Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001).

To meet the pleading with particularity requirement of Fed. R. Civ. P. 9(b), Plaintiff must provide the who, what, when, where, and how of the fraud claim. Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003). The particularity must be sufficient to enable Defendant to effectively answer the allegations. Wool v. Tandem Computers Inc., 818 F.2d 1433, 1439 (9th Cir. 1987). Mere neutral identifiers, while necessary, do not in themselves exhaust the particularity requirement: The circumstances indicating the basis of the allegation of falsity must also be set forth. Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Vess, 317 F.3d at 1107. In arguing for a dismissal of Plaintiff's claim, Defendant conflates the elements Plaintiff would have to prove at trial under the False Claims Act with the scope of the particularity required by Fed. R. Civ. P. 9(b). A fraudulent claim under 31 U.S.C. § 3729 requires 1) knowingly presenting 2) to the United States or an officer of the United States 3) a false or fraudulent claim for payment, where "knowingly" is defined as at least reckless disregard for the truth and a "claim" is defined as a request or demand for money that the government has paid or will pay. Not all of these elements need to be pled with particularity. "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Rule 9(b) does not require any particularity in connection with an averment of intent, knowledge, or condition of the mind. Decker, 42

ORDER – 3

F.3d at 1545. The particularity requirement is limited to the allegations of fraud and misconduct and to the circumstances surrounding the alleged fraud.

In determining the scope of particularity required, the Court may properly grant some leniency to a relator where the Defendant is a corporation with exclusive control of relevant documentation and the relator is a former employee with limited ability to acquire relevant documentation. Lee, 245 F.3d at 1052. Lincoln allegedly began investigating Med-Data while still an employee but did not initiate suit until after her relationship with Med-Data was severed. Following her departure, Lincoln had limited ability to acquire additional documentation.

Defendant argues Plaintiff has, among other deficiencies, not adequately demonstrated that the allegedly fraudulent claims were ever submitted to and paid by the Government. Ultimate liability under the FCA attaches not to the underlying fraudulent scheme but to the submission of the false claim itself. Hopper v. Anton,  91 F.3d 1261, 1266 (9th Cir. 1996). Defendant quotes Karvelas v, Melrose-Wakefield Hospital, 360 F.3d 220, 233 (1st Cir. 2004), in claiming that "the complaint should include 'details concerning the dates of the claims, the content of the forms or bills submitted, their identification numbers, the amount of money charged to the government, the particular goods or services for which the government was billed, and the individuals involved in the billing.'" (Dkt. No. 47 at 3). But in the same passage Karvelas explicitly states that the above list is meant only to demonstrate the "types of information that may help a relator to state a claim with particularity" and that "these details do not constitute a checklist of mandatory requirements that must be satisfied by each allegation included in a complaint." Id. Under Fed. R. Civ. P. 9(b) a complaint must be specific enough to give the Defendant notice of the alleged misconduct and to enable it do more than merely deny wrongdoing. Lee v. Smithkline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).

ORDER – 4

In her Second Amended Complaint and attached Exhibits, Plaintiff successfully pleads her allegation of fraudulent claim submissions at Med-Data under Fed. R. Civ. P. 9(b). Exhibit A provides the particulars for allegedly fraudulent claims submitted to the government, including the name of the patient, the name of the physician, the date the services were coded by Med-Data, the name of the coder, the name of the auditor, the code Med-Data submitted, the allegedly proper code, and Plaintiff's basis for alleging that the original, submitted code was fraudulent. Under Fed. R. Civ. P. 9(b), this information is adequate for Med-Data to be able to both identify the transaction in question and to challenge the basis for Plaintiff's allegation that the claims were fraudulently submitted.  Defendant notes that there may be explanations other than fraud for the apparent coding discrepancies. While this may be true, Plaintiff is required at this time to do no more than she has done in order to meet the pleading requirements of Fed. R. Civ. P. 9(b) and the Court is required to dismiss a claim only if it is clear that no relief could be granted under any set of facts consistent with Plaintiff's allegations. Swiekiewicz v. Sorema N.A., 534 US 506, 514 (2002).

**2. Conspiracy claim**

The False Claims Act, in 31 U.S.C. § 3729(a)(3), attaches liability to "[a]ny person who conspires to defraud the Government by getting a false claim allowed or paid." Conspiracy claims made under the False Claims Act must meet the particularity pleading requirement of Fed. R. Civ. P 9(b).  Vess, 317 F.3d at 1108. In supporting her allegations of conspiracy to commit fraud, Plaintiff relies entirely on vague allegations and unattributed comments. Plaintiff alleges that MDI set in motion a "chain of events and a business environment which was calculated to result in the submission of false claims," and avers that "top management went to great pains to ensure that the impact of these schemes was never uncovered." (Dkt. No. 43 at 23 and 25). However, Plaintiff

ORDER – 5

provides scant addition information related to these sweeping allegations, adding only that MDI "ordered" coders, "pressured" coders, and "instructed" coders in practices relating to inflated billings. (Id., at 23-26). Plaintiff provides no evidence of an agreement or so much as names a second defendant with whom an agreement to defraud the government might have been struck. Such conclusory allegations do not adequately allow Defendant to prepare a defense to conspiracy charges, do not set forth the circumstances constituting fraud, and do not meet the particularity requirement of Fed. R. Civ. P. 9(b). Decker, 42 F.3d at 1548.

Because the Court finds that the pleading requirements under Fed. R. Civ. P. 9(b) have not been met by Plaintiff's First or Second Amended Complaint as to the conspiracy charges, it does not reach the legal question of intra-corporate immunity to conspiracy under the False Claims Act, as raised by the parties in their motions.

Plaintiff's conspiracy claim under 31 U.S.C. § 3729(a)(3) is DISMISSED.

**3. Retaliation**

The False Claims Act, in 31 U.S.C. § 3730(h), allows a plaintiff to seek relief in Federal District Court for retaliation exacted by her employer as a result of activity related to a False Claims Act claim. "A retaliation claim under 31 U.S.C. § 3730(h) does not require a showing of fraud and therefore need not meet the heightened pleading requirements of Rule 9(b)." Karvelas v. Melrose-Wakefield Hospital, 360 F.3rd 220, 238 (1st Cir. 2004). Fed. R. Civ. P. 8(a) requires merely "a short and plain statement of the claim." A plaintiff need only give fair notice of the claim and its basis in her pleadings. Sagana v. Tenorio, 384 F.3d 731 (9th Cir. 2004). Dismissal of a claim is appropriate only if it is clear that no relief could be granted to the Plaintiff under any set of facts consistent with the allegations. Swiekiewicz, 534 US at 514.

ORDER – 6

To sustain a retaliation claim under the False Claims Act, a relator must be able to show that 1) she was engaging in conduct protected under the FCA; 2) her employer knew she was engaging in such conduct; and 3) she was discriminated against because of such conduct. Hopper v. Anton, 91 F.3d 1261,1269 (9th Cir. 1996). Neither the plaintiff nor the employer need to have anticipated a False Claims Act claim either at the time of relator's investigation or the time of the alleged retaliation. Id. However, the employee's actions must have included investigations which reasonably could have led to a viable FCA action. Id.

Relator alleges that she was investigating the coding practices of Med-Data, that she notified Med-Data of irregularities she uncovered, that Med-Data continued its previous practices, that she then reiterated her concerns and told Med-Data it was "bilking" the federal government, that she continued her investigation, and that Med-Data then both continued to submit fraudulent claims and fired Plaintiff as a result of her investigations and allegations. Because these elements meet the liberal pleading requirement of Fed. R. Civ. P. 8(a), Defendant's motion to dismiss Plaintiff's retaliation claim is DENIED.

**3. State law fraud claim**

Plaintiff pursues a claim under Cal. Ins. Code § 1871.7, which provides that an interested party may seek damages for allegedly fraudulent claims submitted to private insurers. Fed. R. Civ. P. 9(b) is a federally imposed rule applied in federal courts to state-law causes of action alleging fraud. Vess, 317 F.3d at 1103. Exhibits A and B of Plaintiff's Second Amended Complaint include identical categories of information and degrees of particularity: both include the patient's name, the doctor's name, the date MDI coded the treatment received, the coder's name, the auditor's name, the code submitted to insurers, the auditor's code, the party paying the bill, and Plaintiff's basis for alleging  the

ORDER – 7

submitted code was fraudulent. Exhibit A contains claims submitted to the Government. Exhibit B contains claims submitted to private parties. Following the analysis of Fed. R. Civ. P. 9(b) established in Section One, the Court DENIES Defendant's Motion to Dismiss Relator's Cal. Ins. Code § 1871.7 cause of action.

**4. Wrongful Termination**

Plaintiff alleges wrongful termination in violation of public policy, here directing the Court to 31 U.S.C. § 3729 and to Cal. Govt. Code § 12653. In alleging wrongful termination in violation of public policy, Plaintiff successfully states a claim on which relief may be granted. Although Plaintiff's wrongful termination claim appears to overlap significantly with her retaliation claim, she is permitted to bring claims under alternative legal theories. Defendant's Motion to Dismiss Plaintiff's claim for wrongful termination in violation of public policy is DENIED.

**5. Motion to Bifurcate**

Defendant moves to bifurcate the claims at issue for trial, separating the wrongful termination claims from the fraudulent practices claims. Fed. R. Civ. P. 42(b) provides that a Court may separate claims in order to further convenience, increase efficiency or avoid prejudice. A district court has wide discretion in ruling on a motion for bifurcation. United States v. Matus-Leva, 311 F.3d 1214, 1217 (9th Cir. 2002). Defendant argues that bifurcation in this case is appropriate because it would achieve each of the ends cited in Fed. R. Civ. P 42(b) - efficiency, convenience, and the avoidance of prejudice. In Defendant's Motion to bifurcate and Reply Motion in Support of Bifurcation, it is most concerned about separating out Plaintiff's state law claim for wrongful termination in violation of public policy. Because the wrongful termination claim involves the same facts as the retaliation claim, the Court finds that the goals of Fed. R. Civ. P. 42(b) would not be met by bifurcating the claims. The remaining claims also overlap. The retaliation

ORDER – 8

cause of action under the False Claims Act necessarily incorporates some of the same information as the fraudulent claims causes of action. Each relates to the business environment and practices of Med-Data, the investigations conducted by Plaintiff, and the exchanges between Plaintiff and Defendant prior to the discontinuation of their relationship. Convenience and efficiency would not be achieved by repeating this information in multiple trials. Defendant finally argues that a jury will be confused and prejudiced by hearing testimony related to each of these claims. The Court finds Defendant's conclusions unsupported and unpersuasive. Defendant's Motion to Bifurcate is DENIED.

CONCLUSION

The Court DENIES Defendant's Motion to Dismiss Plaintiff's False Claims Acts causes of action under 31 U.S.C. § 3729(a)(1), 31 U.S.C. § 3729(a)(2), and 31 U.S.C. § 3730(h). The Court also DENIES Defendant's Motion to Dismiss Plaintiff's state law cause of action under Cal. Ins. Code § 1871.7. The Court GRANTS Defendant's Motion to Dismiss Plaintiff's conspiracy claim under the False Claims Act, 31 U.S.C. 3729(a)(3) and state law claim for Wrongful Termination in Violation of Public Policy. The Court DENIES Defendant's Motion to Bifurcate. The Court GRANTS Relator leave to file a Second Amended Complaint.

Dated this 8th  day of September, 2006.

Marsha J. Pechman
United States District Judge

ORDER – 9